Abran E. Vigil
Nevada Bar No. 7548
Justin A. Shiroff
Nevada Bar No. 12869
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-Mail: vigila@ballardspahr.com
E-Mail: shiroffj@ballardspahr.com

*Attorneys for JPMorgan Chase Bank N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL I, LLC, a Nevada limited liability company; and AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS' ASSOCIATION, INC., a Nevada non-profit corporation,<br><br>Defendants. | CASE NO. 2:16-cv-02005-JCM-VCF<br><br>**STIPULATION AND ORDER GRANTING PLAINTIFF JPMORGAN CHASE BANK, N.A. LEAVE TO FILE AN AMENDED COMPLAINT** |

Plaintiff JPMorgan Chase Bank, N.A. ("Chase") and Defendants SFR Investments Pool I, LLC ("SFR") and Auburn and Bradford at Providence Homeowners' Association, Inc. (the "Association") stipulate and agree that, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and in the interest of judicial economy, Chase may file an Amended Complaint that includes allegations that the loan and deed of trust at issue in this case are and were at all relevant times FHA insured and guaranteed by the federal government. A copy of the Amended Complaint is attached as Exhibit 1.

Nothing in this stipulation shall be deemed a waiver of any claim or defense by SFR or the Association.

DMWEST #15583484 v1

Chase will file its Amended Complaint within 10 days of entry of this stipulation and order.

| BALLARD SPAHR LLP<br><br>By: __/s/ Justin A. Shiroff_____<br>    Abran E. Vigil<br>    Nevada Bar No. 7548<br>    Justin A. Shiroff<br>    Nevada Bar No. 12869<br>    100 N. City Parkway, Suite 1750<br>    Las Vegas, Nevada 89106<br><br>*Attorneys for Plaintiff JPMorgan Chase Bank, N.A.* | KIM GILBERT EBRON<br><br>By: __/s/ Diana Ebron_____<br>    Diana Cline Ebron, Esq.<br>    Nevada Bar No. 10580<br>    Jacqueline A. Gilbert, Esq.<br>    Nevada Bar No. 10593<br>    Karen L. Hanks, Esq.<br>    Nevada Bar No. 9578<br>    7625 Dean Martin Drive, Suite 110<br>    Las Vegas, Nevada 89139<br><br>*Attorneys for SFR Investments Pool 1, LLC* |
|---|---|
| GORDON & REES LLP.<br><br>By: __/s/ Wing Yan Wong_____<br>    Robert S. Larsen, Esq.<br>    Nevada Bar No. 7785<br>    Wing Yan Wong, Esq.<br>    Nevada Bar No. 13622<br>    300 South Fourth Street, Suite 1550<br>    Las Vegas, Nevada 89101<br><br>*Attorneys for Auburn and Bradford at Providence Homeowners Association, Inc.* | |

DMWEST #15583484 v1

# ORDER

Plaintiff JPMorgan Chase Bank, N.A. ("Chase") and Defendants SFR Investments Pool I, LLC and Auburn and Bradford at Providence Homeowners' Association, Inc., and good cause appearing therefore,

IT IS HEREBY ORDERED that Chase may amend its Complaint to include allegations that the loan and deed of trust at issue in this case are and were at all relevant times FHA insured and guaranteed by the federal government.

IT IS FURTHER ORDERED that, within 10 days of entry of this stipulation and order, Chase will file its Amended Complaint, attached as Exhibit A.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 1-19-2017

3

DMWEST #15583484 v1

# EXHIBIT 1

# EXHIBIT 1

Abran E. Vigil
Nevada Bar No. 7548
Justin A. Shiroff
Nevada Bar No. 12869
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
shiroffj@ballardspahr.com

*Attorneys for JPMorgan Chase Bank N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK N.A. <br><br> Plaintiff, <br><br> vs. <br><br> SFR INVESTMENTS POOL I, LLC, a Nevada limited liability company; and AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS' ASSOCIATION, INC., a Nevada non-profit corporation, <br><br> Defendants. | Case No. 2:16-cv-02005-JCM-VCF <br><br> **FIRST AMENDED COMPLAINT** |

Plaintiff JPMorgan Chase Bank, N.A., by and through counsel of record, Ballard Spahr LLP, hereby complains and alleges against SFR Investments Pool 1, LLC and Auburn and Bradford at Providence Homeowners' Association, Inc. as follows:

### JURISDICTION, PARTIES, AND VENUE

1. JPMorgan Chase Bank, N.A. ("Chase") is a national banking association chartered under the laws of the United States with its main office in the State of Ohio.

2. Defendant SFR Investments Pool I, LLC ("SFR") is a Nevada limited liability company with its principal place of business in Nevada. SFR is wholly

DMWEST #15384602 v2

1 owned by SFR Investments, LLC, a Nevada LLC.  SFR Investments, LLC is wholly 2 owned by SFR Funding, LLC, a Delaware LLC.  SFR Funding, LLC is wholly owned 3 by a Canadian Entity, Xiemen LP.  Xiemen LP's partners are a Canadian corporation, 4 Xiemen Investments Ltd., with its principal place of business in Canada and an 5 individual named John Gibson who is a citizen and resident of South Africa.  For 6 purposes of diversity jurisdiction, SFR is a citizen of Canada and South Africa. (See 7 Nationstar Mortgage LLC v. Flamingo Trails No. 7 Landscape Maintenance Ass'n 8 Inc., et al. Case no. 2:15-cv-01268-RFB-NJK at ECF No. 50-1.)

9          3.      Defendant Auburn and Bradford at Providence Homeowners' 10 Association, Inc. (the "Association") is a Nevada non-profit corporation whose 11 principal place of business, upon information and belief, is in North Las Vegas, 12 Nevada.  For diversity purposes, upon information and belief, the Association is a 13 citizen only of Nevada.

14          4.      This Court has subject matter jurisdiction over Chase's claims pursuant 15 to 28 U.S.C. § 1331 because this case is a civil action arising under the Constitution of 16 the United States.

17          5.      This Court has subject matter jurisdiction over Chase's claims pursuant 18 to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the 19 amount in controversy exceeds $75,000.

20          6.      The amount in controversy exceeds $75,000 because the value of the real 21 property which is the subject of Chase's claims, for the 2016–2017 fiscal year, exceeds 22 $275,000.  In addition, Chase's security interest in the property secures a loan in the 23 original principal amount of $313,564.00.

24          7.      This Court is the appropriate venue for this action pursuant to 28 U.S.C. 25 § 1391(b) because the events giving rise to Chase's claims occurred in Clark County, 26 Nevada and the real property that is the subject of Chase's claims is located in Clark 27 County, Nevada.

28

DMWEST #15384602 v2

# GENERAL ALLEGATIONS

*Congress Authorizes the FHA Insurance Program*

8. Congress created the Federal Housing Authority ("FHA") in 1934 and it became part of the Department of Housing and Urban Development ("HUD") in 1965.

9. Congress has authorized HUD to insure privately-issued mortgages on single family homes, commonly referred to as FHA insurance, to further its congressional mandate to make decent housing available to all citizens. *See* 12 U.S.C. § 1709.

10. The Congressional purpose of the FHA insurance program is to insure private loans to entice private lenders to extend loans to borrowers that the lenders would otherwise find too risky—i.e., to insure private loans such that private lenders extend loans to low to moderate income families. *See* 42 U.S.C. § 1441; 12 U.S.C. §§ 1701t & 1709.

*The Government National Mortgage Association Program*

11. Pursuant to a 1938 amendment to the Housing Act of 1934, Congress also created the Government National Mortgage Association ("GNMA").

12. The Congressional purpose of the GNMA is to guaranty mortgage-backed securities of federally guaranteed loans, such as FHA Loans, so as to entice private lenders to extend loans to borrowers that the lenders would otherwise find too risky—i.e., to guaranty private loans such that private lenders extend loans to low to moderate income families—and ultimately create more affordable housing (the "GNMA Program").

13. The management and liquidation functions of the GNMA can be found in 12 U.S.C. § 1721.

14. Under 12 U.S.C. § 1721(g)(1), "[n]o State or local law, and no Federal law . . . shall preclude or limit the exercise by the [GNMA] of (A) its power to contract . . . (B) its rights to enforce any such contract . . . or (C) its ownership rights, as provided in the preceding sentence, in the mortgages constituting the trust or pool . . ."

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

DMWEST #15384602 v2

15. Likewise, under 12 U.S.C. § 1721(g)(2)(e)(iv), "[n]o State or local law, and no Federal law . . . shall preclude or limit the exercise by the [GNMA] of its power to contract . . . and its rights to enforce such contracts, for the purpose of ensuring the efficient commencement and continued operation of the multiclass securities program."

*The Property and the Deed of Trust*

16. This matter relates to real property located at 6538 Chinatown Street, Las Vegas NV 89166, APN 126-24-411-090 (the "Property").

17. On or about March 25, 2009, non-parties Mark Parren and Jennifer Parren (the "Borrowers") signed a note in the principal amount of $313,564.00 (the "Note") reflecting a loan from Metlife Home Loans.

18. The Borrower's loan was secured by a deed of trust encumbering the Property and recorded with the Clark County Recorder on March 31, 2009, in Book 20090331 as Document 0002908 (the "Deed of Trust").

19. Chase holds the Note and Deed of Trust.

20. The Deed of Trust and the loan are and at all relevant times were FHA insured—i.e., the loan is an FHA loan and the Deed of Trust securing the loan is therefore also federally insured.

21. Further, the federal government guaranteed the Loan and Deed of Trust pursuant to the GNMA Program.

22. The Property is subject to certain covenants, conditions, and restrictions (the "CC&Rs") imposed by the Association.

23. The Association engaged non-party Nevada Association Services, Inc. (the "Collections Agent") as a collections agent.

24. On July 16, 2010, the Association caused a Notice of Delinquent Assessment Lien to be recorded against the Property due to the Borrowers' alleged failure to pay amounts due to the Association.

25. On or about October 19, 2012, the Collections Agent purportedly sold the

Property to SFR for $8,000 to satisfy the Association's purported lien (the "Sale").

26. Upon information and belief, the Sale did not comply with statutory notice requirements in effect at that time.

27. The purported Sale is referenced in a Foreclosure Deed recorded with the Clark County Recorder on October 25, 2012, in Book 20121025 as Document 0001439.

28. Upon information and belief, the fair market value of the Property on the date of the Sale was at least $240,000.00, and likely higher.

29. The Sale deprived Chase and/or its predecessors of its right to due process under the United States and Nevada Constitutions.

30. On information and belief, the Sale did not comply with the requirements of the CC&Rs.

31. CC&Rs for the Association provides:

> Notwithstanding all other provisions hereof, no lien created under this Article 9, nor the enforcement of any provision of this Declaration shall defeat or render invalid the rights of the beneficiary under any Recorded first deed of trust encumbering a Unit, made in good faith and for value; provided that after such Beneficiary or some other Person obtains title to such Unit by judicial foreclosure, other foreclosure, or exercise of power of sale, such Unit shall remain subject to this Declaration and the payment of all installments of assessments accruing subsequent to the date such Beneficiary or other Person obtains title. The lien of the assessments, including interest and costs, shall be subordinate to the lien of any first Mortgage upon the Unit. The release or discharge of any lien for unpaid assessments by reason of the foreclosure or exercise of power of sale by the first Mortgagee shall not relieve the prior Owner of his personal obligation for the payment of such unpaid assessments.

In other words, Chase's Deed of Trust encumbers the Property even in the event the Association conducts a lien sale.

32. Because the CC&Rs include a Mortgagee Protection Clause, the Sale is ineffectual against Chase.

33. The Association breached its duties under the Mortgagee Protection Clause, making the Sale commercially unreasonable.

5

DMWEST #15384602 v2

34. Upon information and belief the Association, the Collections Agent, and SFR knew that Chase would rely on the Mortgagee Protection Clause included in the recorded CC&Rs. Chase's absence from the Sale allowed SFR to appear at the Sale and purchase the Property for a fraction of market value, making the Sale commercially unreasonable.

35. Upon information and belief, the Association, the Collections Agent, and SFR knew that prospective bidders would be less likely to attend the Sale because the public at large believed that Chase was protected under the Mortgagee Protection Clause in the CC&Rs of public record. The general public's belief therefore was that a buyer at the Sale would take title to the Property subject to Chase's Deed of Trust. This general belief resulted in the absence of prospective bidders at the Sale, which allowed SFR to appear at the Sale and purchase the Property for a fraction of market value, causing procedural irregularities rendering the Sale commercially unreasonable.

36. Upon information and belief, the Sale did not comply with requirements of applicable Nevada statutes including, but not limited to, sending a notice of delinquent assessment, notice of default, or notice of sale as required to each party entitled to receive notice.

37. A homeowner's association may only collect as a part of a super-priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien.

38. The Sale included improper fees and costs in the lien amount including, but not limited to, fines, interest, late fees, additional monthly assessments, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 *et seq*.

39. The price purportedly paid by SFR at the Sale was grossly inadequate,

6

DMWEST #15384602 v2

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

not for reasonably equivalent value, and not in good faith, when compared to the fair market value of the Property and the debt owed by Borrower to Chase or its predecessors, agents, servicers or trustees.

40. Upon information and belief, the Association did not provide Chase or its predecessors, agents, servicers or trustees, with proper notice of the alleged lien, proper notice of the correct super-priority amount, or a reasonable opportunity to satisfy that amount. Nor did the Association identify the super-priority amount of its lien or adequately describe the deficiency in payment. As these acts are required by Nevada law, the purported Sale was both unreasonable and deprived Chase of its right to due process.

41. At the time of the Sale SFR was in the business of purchasing properties sold at homeowners association foreclosure sales, purportedly conducted pursuant to NRS 116.3116 *et seq.*, for pennies on the dollar knowing that such properties were subject to first position deeds of trust, that beneficiaries of the deeds of trust asserted these properties continued to be subject to first position deeds of trust following foreclosure sales, and that there was litigation between deed of trust beneficiaries and buyers at homeowners association foreclosure sales regarding the validity of their interests in properties following homeowners association foreclosure sales.

42. SFR was not a bona fide purchaser for value.

43. Upon information and belief, the Association and SFR assert that the Sale vested title in SFR free and clear of the Deed of Trust.

44. However, because the Sale was unlawful and void, title to the Property remains in the Borrower, subject to the Deed of Trust.

45. In the alternative, any interest in the Property that may have been conveyed to SFR following the Sale remains encumbered by the Deed of Trust.

**FIRST CLAIM FOR RELIEF**

**(Quiet Title and Declaratory Relief – Against the Association and SFR)**

46. Chase realleges all other allegations set forth herein.

47. Pursuant to 28 U.S.C. § 2201 and NRS 40.010 et seq., this Court has the power and authority to declare Chase's rights and interests in the Property and to resolve Defendants' adverse claims in the Property.

48. NRS 40.010 provides that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."

49. Pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interest of the parties following the acts and omissions of the Association and Collections Agent in foreclosing on the Property.

50. The FHA insured and GNMA guaranteed Deed of Trust is a first position security interest on the Property whose priority is protected by NRS 116.3116(2)(b).

51. The Supremacy Clause of the United States Constitution preempts conflicting state laws when there is an actual conflict between the relevant state law and federal law, and NRS Chapter 116 et seq. conflicts with the federal FHA program.

52. The Supremacy Clause preempts a state law that stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress; NRS Chapter 116 et seq. stands as an obstacle to the full purposes and objectives of the FHA program.

53. Pursuant to the Supremacy Clause of the United States Constitution, the HOA Foreclosure Sale could not extinguish Chase's federally insured Deed of Trust.

54. Chase is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS 40.010, that the Supremacy Clause preempts the HOA Foreclosure Sale from extinguishing Chase's federally insured Deed of Trust and that any purported interest acquired by SFR through the Foreclosure Deed is subject to Chase's federally insured Deed of Trust.

DMWEST #15384602 v2

55. The federal government had an interest in the Property due to the Loan and federally insured Deed of Trust.

56. The Property Clause of the United States Constitution prohibits the HOA Foreclosure Sale, and SFR's subsequent interest in the Property, from extinguishing the federal government's interest in the Property.

57. The Deed of Trust is further guaranteed by the GNMA under the GNMA Program.

58. The Supremacy Clause preempts conflicting state laws when there is an actual conflict between the relevant state law and federal law, and NRS Chapter 116 et seq. conflicts with the GNMA and the GNMA Program.

59. The Supremacy Clause preempts a state law that stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress; NRS Chapter 116 et seq. stands as an obstacle to the full purposes and objectives of the GNMA and the GNMA Program.

60. 12 U.S. § 1721(g)(1) and 12 U.S.C. § 1721(g)(2)(e)(iv) also explicitly preempt a state law that impedes the purpose and execution of the GNMA Program, which NRS Chapter 116 et seq. does.

61. Further pursuant to 12 U.S. § 1721(g)(1) and 12 U.S. § 1721(g)(2)(e)(iv), the HOA Foreclosure Sale could not extinguish Chase's federally guaranteed Deed of Trust under the GNMA Program.

62. Chase is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS 40.010, that 12 U.S.C. § 1721(g)(1) and 12 U.S.C. § 1721(g)(2)(e)(iv) preempt the HOA Foreclosure Sale from extinguishing Chase's federally guaranteed Deed of Trust and that any purported interest acquired by SFR through the Deed of Trust is subject to Chase's federally guaranteed Deed of Trust.

63. As the current beneficiary under the Deed of Trust, Chase's interest in the Property retained its first-position status in the chain of title after the Sale as the Sale was improper.

9

64. The Sale did not operate to extinguish Chase's interest because NRS 116 *et seq.* deprives holders of their property interest without due process and is facially invalid.

65. The Sale did not operate to extinguish Chase's interest because NRS 116 et seq. purports to allow a common interest community to foreclose on a lien and extinguish the rights of prior lien holders without requiring that the prior lien holders receive notice of delinquency, default, or sale, contrary to the due process requirements of the Nevada and United States Constitutions.

66. The Sale was unlawful and void because it did not comply with the procedures required under Nevada law including, but not limited to, NRS 116.31162 through NRS 116.31164.

67. The Sale was unlawful and void because, upon information and belief, the Association failed to properly send notice in accordance with applicable statutes, the CC&Rs, and the Due Process clauses of the United States and Nevada Constitutions.

68. In the alternative, the Sale should be set aside due to the gross inadequacy of price paid at the Sale and the fraud, unfairness, and oppression attendant to the Sale.

69. In the alternative, this Court should exercise its equitable powers and determine that the Deed of Trust was not extinguished by the Sale due to the gross inadequacy of price paid at the Sale and the fraud, unfairness, and oppression attendant to the Sale.

70. Chase is entitled to a judicial determination of the rights and interests of the parties in and to the Property.

71. Chase is entitled to a determination from this Court that its secured interest under the Deed of Trust remains a valid encumbrance against the Property and is superior to the interest, if any, acquired by SFR, its trustors, beneficiaries, or agents, or held or claimed by any other party.

10

Case 2:16-cv-02005-JCM-VCF   Document 41   Filed 01/19/17   Page 15 of 18

72. In the alternative, Chase is entitled to a determination from this Court that the Sale was unlawful, invalid, void, and conveyed no legitimate interest to SFR, its trustors, beneficiaries, or agents, or any other party.

73. Chase has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment– Against the Association and SFR)

74. Chase realleges all allegations set forth above.

75. Chase has been deprived of the benefit of its Deed of Trust by the actions of the Association and SFR.

76. The Association and SFR have benefitted from the unlawful Sale.

77. SFR has been unjustly benefitted by retaining rents paid on the Property since the time of the Sale, and Chase has suffered damages in those amounts.

78. Should Chase be successful in quieting title against the Association and SFR, and should the Court set aside the Sale, the Association and SFR will have been unjustly enriched by the Sale and use of the Property.

79. Chase will have suffered damages if SFR is allowed to retain its interest in the Property free and clear of Chase's interest.

80. Chase has conferred a benefit on the Association and/or SFR by paying taxes, insurance or homeowner's association assessments since the time of the Sale, and has suffered damages in those amounts.

81. Upon information and belief, the Association and SFR have an appreciation of the benefits conferred upon them by Chase.

82. The Association and SFR have accepted and retained the benefits conferred upon them by Chase.

83. It would be inequitable to allow the Association and SFR to retain the benefits conferred upon them by Chase.

11

DMWEST #15384602 v2

84. Chase is entitled to a judgment in the amount that the Association and/or SFR have been unjustly enriched.

85. Chase has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees.

## THIRD CLAIM FOR RELIEF

### (Conversion – Against the Association)

86. Chase realleges all allegations set forth above.

87. Upon information and belief, SFR paid $8,000 for the Property at the Sale.

88. Upon information and belief, the super-priority portion of the Association's lien was less than $8,000 at the time of the Sale, leaving surplus proceeds in the Association's hands on the date of the Sale (the "Surplus Proceeds").

89. Under NRS 116.3116, Chase or its predecessors held an interest in the Property superior to the non-super-priority portion of the Association's lien.

90. Nonetheless, the Association has wrongfully exerted dominion over the Surplus Proceeds by retaining them for its own benefit, without any right to the Surplus Proceeds, and in defiance of Chase's or its predecessors' right to the Surplus Proceeds.

91. Due to the Association's conversion of Chase's rightful property, Chase has been damaged in an amount equal to the Surplus Proceeds.

92. Chase is entitled to a judgment in the amount of the Surplus Proceeds.

93. Chase has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Chase respectfully requests the following relief:

1. A declaration that the Sale was unlawful, invalid, and void;

2. A declaration that the Deed of Trust remains a valid encumbrance against the Property and was not extinguished by the purported Sale;

12

1       3.      A declaration that Chase's interest in the Property is superior to the
2 rights, if any, of the Association and/or SFR;
3       4.      For a preliminary and permanent injunction that SFR, its successors,
4 assigns, and agents are prohibited from conducting any sale, transfer or encumbrance
5 of the Property;
6       5.      For a preliminary and permanent injunction that SFR, its successors
7 and assigns, be required to pay all taxes, insurance and homeowners association
8 dues, fines and charges during the pendency of the action;
9       6.      For a preliminary and permanent injunction that SFR, its successors
10 and assigns, be required to segregate and deposit all rents generated from the
11 Property with the Court or a Court-approved trust account over which SFR has no
12 control during the pendency of the action;
13      7.      If it is determined that Chase's Deed of Trust has been extinguished by
14 the Sale, special damages in the amount of the fair market value of the Property or
15 the unpaid balance of the Loan and Deed of Trust, at the time of the Sale, whichever
16 is greater;
17      8.      Special damages in the amount of the Surplus Proceeds that the
18 Association has wrongfully converted;
19      9.      Special damages in the amount that the Association and/or SFR have
20 been unjustly enriched;
21      10.     An award of Chase's reasonable attorney's fees and costs, to the extent
22 provided by governing law, including post-judgment fees and costs; and
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

13

DMWEST #15384602 v2

11. Any and all further relief deemed appropriate by the Court.

Dated: January ___, 2017.

                                        BALLARD SPAHR LLP

                                        By_____
                                            Abran E. Vigil
                                            Nevada Bar No. 7548
                                            Justin A. Shiroff
                                            Nevada Bar No. 12869
                                            100 North City Parkway, Suite 1750
                                            Las Vegas, Nevada 89106

                                            *Attorneys for JPMorgan Chase Bank N.A.*

14

DMWEST #15384602 v2