# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

JPMORGAN CHASE BANK, N.A.,

                Plaintiff,

vs.

SFR INVESTMENTS POOL 1, LLC, *et al.*,

                Defendant.

Case No. 2:16-cv-02005-JCM-VCF

## ORDER

MOTION TO SUBSTITUTE PARTY PLAINTIFF (ECF No. 49)

       Before the Court are JPMorgan Chase Bank, N.A.'s ("Chase's") Motion to Substitute Party Plaintiff (ECF No. 49), SFR Investments Pool 1, LLC's ("SFR's") Response (ECF No. 52), and Chase's Reply (ECF No. 53). The Court has reviewed the briefs and applicable rules. For the reasons stated below, Chase's Motion is granted.

## I. Discussion

       Federal Rule of Civil Procedure 25(c) allows the substitution of parties if an "interest" is transferred, but relies on other substantive law to define "interest." A district court has ample discretionary power to "substitute parties plaintiff." *U. S. for Use of Acme Granite & Tile Co. v. F. D. Rich Co*., 437 F.2d 549, 552 (9th Cir. 1970), *opinion adhered to on denial of reh'g*, 441 F.2d 1143 (9th Cir. 1971).

       This quiet-title action arises out of a non-judicial foreclosure sale of real property. Chase's Motion seeks to substitute MetLife Home Loans, LLC, Successor by Merger to MetLife Home Loans, a Division of MetLife Bank, NA ("MetLife") in its place because it assigned its interest in the Deed of Trust to MetLife and no longer has an interest in the property at issue. (ECF No. 49 at 3). SFR objects on the grounds that Chase failed to "establish by competent evidence that the DOT was validly conveyed to it in

order for it to validly convey the DOT to [MetLife]" and substitution would unduly prejudice SFR. (ECF No. 52 at 2).

The Deed of Trust was originally recorded on March 31, 2009. (ECF No. 49-1). The Lender under that Deed of Trust was MetLife Home Loans, a Division of MetLife Bank, N.A. (*Id.*) The Beneficiary was Mortgage Electronic Registration Systems, Inc. ("MERS"), "solely as nominee for Lender … and Lender's successors and assigns." (ECF No. 49-1). That Deed of Trust, Chase argues, was later assigned to it. (ECF Nos. 49-2; 42 at 4, ¶ 19 ("Chase holds the Note and Deed of Trust")). After Chase commenced this action, however, it asserts that it assigned its interest in the Deed of Trust to MetLife. (ECF No. 49-3).

Chase has shown that it has a cognizable interest within the meaning of Fed. R. Civ. P. 25(c) and that it has transferred that interest to MetLife. SFR relies on *Edelstein v. Bank of New York Mellon* to argue that Chase must prove standing to enforce the Note and Deed of Trust. In *Edelstein*, the Supreme Court of Nevada stated that "[s]eparation of the note and security deed creates a question of what entity would have authority to foreclose, but does not render either instrument void." *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012). After being split, "[t]he documents, and their respective interests, survive even if held by different parties." *In re Montierth*, 354 P.3d 648, 650 (Nev. 2015). "[S]uch separation is not irreparable or fatal to either the promissory note or the deed of trust, but it does prevent enforcement of the deed of trust through foreclosure unless the two documents are ultimately held by the same party." *Edelstein* 286 P.3d at 260. Neither Chase, nor MetLife is seeking to foreclose; this is a quiet-title action to determine the rights and interests of the parties in the property at issue. NRS 40.010.

"To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing." *Edelstein* 286 P.3d at 260. Attached to its Motion, Chase has provided the Deed of Trust and the assignment from the previous

beneficiary, MetLife Home Loans, a Division of MetLife Bank, N.A., to Chase, and the assignment from Chase to MetLife.   In any event, the Court takes judicial notice of the recorded documents for this property.[1]

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Chase's Motion to Substitute Party Plaintiff (ECF No. 49) is GRANTED.

IT IS SO ORDERED.

DATED this ____18th____ day of April, 2017.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] To be sure, the need to conduct additional discovery and to re-notice MetLife's deposition will require additional work on SFR's part.  But the Court finds that SFR will not be unduly prejudiced.