UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | Case No. 2:16-CV-2005 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant Auburn and Bradford at Providence Homeowners' Association, Inc.'s (the "HOA") motion to dismiss plaintiff JPMorgan Chase Bank, N.A.'s ("JPM") amended complaint. (ECF No. 44). JPM filed a response (ECF No. 50), but the HOA did not file a reply to that response.

The HOA filed a motion to dismiss before JPM amended its complaint. (ECF No. 9). That motion is moot and will be denied accordingly.

On April 18, 2017, plaintiff's motion to substitute party was granted by Magistrate Judge Ferenbach, and MetLife Home Loans, LLC ("Metlife") became the plaintiff in this action. (ECF No. 55).

**I.  Introduction**

This case stems from competing interests in the property at 6538 Chinatown Street, Las Vegas, Nevada 89166, in the wake of an HOA nonjudicial foreclosure sale. (ECF No. 1). The current plaintiff, Metlife, acquired the deed of trust after the sale (ECF No. 49-3); moreover, JPM's amended complaint still governs the action because Metlife has not submitted its own complaint.

JPM—and apparently Metlife—alleged three claims: (1) quiet title and declaratory relief against the HOA and co-defendant SFR Investments Pool 1, LLC ("SFR"); (2) unjust enrichment against the same; and (3) conversion against the HOA. (ECF No. 42).

SFR filed a limited response joining the HOA's motion to dismiss but argued that "[u]nless the Court also dismisses the entire complaint, including claims against SFR, allowing dismissal of the HOA at this time would be inappropriate." (ECF No. 45 at 2). The HOA filed a reply to this response, arguing that its presence in the case is not needed for this court to rule as to priority of interests regarding the underlying property. (ECF No. 46).

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of

misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

*A. Statutes of limitation*

First, the HOA is correct that the three-year statute of limitation applies to Metlife's conversion claim. *See Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998); *see also* Nev. Rev. Stat. § 11.190(c)(3); (ECF No. 44). Because the sale at issue occurred on October 19, 2012, and the instant case was initiated on August 24, 2016, this claim is barred by NRS 11.190(c)(3). *See* (ECF No. 42).

However, the HOA is incorrect that JPM's quiet title claim would be similarly barred; JPM brought this case within the five-year span permitted for quiet title actions. *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 232 (Nev. 2017).

*B. NRS 38.310 mediation*

This court has previously held that the mediation requirement of NRS 38.310 applies to claims of unjust enrichment when the epicenter of an action is a challenged nonjudicial foreclosure sale based upon an HOA's authority to act on its super-priority lien. *See Elizon Master Participation Tr. 1 v. Saticoy Bay LLC Series 8920 El Diablo*, No. 2:16-cv-751-JCM-VCF, 2017 WL 1025171, at *3 (D. Nev. Mar. 16, 2017). In light of the underlying facts of this case involving the HOA foreclosure sale, the same analysis applies here. *See id.*; *see also* (ECF No. 42). Therefore, this claim will be dismissed as unexhausted.

James C. Mahan
U.S. District Judge

- 3 -

*C. Quiet title allegations*

In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

The court is aware that the substituted plaintiff, Metlife, received a corporate assignment of deed of trust, which was recorded on January 25, 2017. (ECF No. 49-3). The current operative complaint is silent as to both this transaction and Metlife's present interest in the property.[1] *See* (ECF No. 42). Therefore, the instant complaint fails to allege a plausible claim because it lacks any mention that the interest presently at issue merits relief. (*Id.*); *see also Iqbal*, 556 U.S. at 678–79.

**IV. Conclusion**

In sum, the time-barred conversion claim will be dismissed with prejudice. Additionally, the unjust enrichment claim will be dismissed as unexhausted, and the claim for quiet title will be dismissed for failure to state a claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 44) be, and the same hereby is, GRANTED, pursuant to the foregoing.

IT IS FURTHER ORDERED that the HOA's October 21, 2016, motion to dismiss (ECF No. 9) be, and the same hereby is, DENIED as moot.

---

[1] Notably, Metlife has acted as plaintiff in this action for over three months and has not submitted a motion to amend the complaint so as to describe and allege its interest in the property. *See* (ECF No. 55).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1          IT IS FURTHER ORDERED that, if Metlife wishes to move for leave to file an amended

2  complaint, it shall do so within twenty-one (21) days of the date of this order.[2]

3          DATED August 2, 2017.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

---

[2] This order does not close the case because SFR has asserted pending counterclaims. *See* (ECF No. 43).

James C. Mahan
U.S. District Judge

- 5 -